**THE NIRENBERG LAW FIRM, LLC**
One University Plaza, Suite 607
Hackensack, NJ 07601
Tel: (201) 487-2700
Fax: (201) 487-2701
jnirenberg@njemploymentlawfirm.com
Attorneys for Plaintiff Regina Tasca

|  |  |
|---|---|
| REGINA TASCA,<br><br>　　　　　　　　Plaintiff<br><br>　　v.<br><br>BOROUGH OF BOGOTA, et al.<br><br>　　　　　　　　Defendants. | Civil Action No. 2:12-cv-02687-CCC-MF<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND TOLLING STATUTE OF LIMITATIONS** |

This matter having been brought before The Honorable Mark Falk, U.S.M.J, by Jonathan I. Nirenberg, Esq., The Nirenberg Law Firm, attorneys for Plaintiff Regina Tasca, on an informal application to the Court on notice to Harry D. Norton, Esq., Norton, Sheehy & Higgins, P.C, attorneys for Defendants, the Court have considered the application and any opposition thereto, and for good cause being shown;

It is, on this 21 day of November, 2013

**ORDERED** that:

1. Plaintiff's request to voluntarily withdraw Counts Two and Six of her Second Amended Complaint without prejudice pursuant to 28 U.S.C. 1367(d) is hereby granted;

2. There being no remaining federal claims pending, the Court hereby declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. 1367(c);

3.  This case is dismissed without prejudice;

4.  Defendants' pending motions seeking (1) summary judgment with respect to Count Nine of Plaintiff's Second Amended Complaint based on a lack of subject matter jurisdiction, (2) to assert a Counterclaim pursuant to N.J.S.A. § 40A:14-149.3, and (3) to bifurcate claims, are denied as moot; and

5.  Pursuant to 28 U.S.C. 1367(d), the statute of limitations on Counts One through Nine of Plaintiff's Second Amended Complaint is hereby tolled for the period while those claims were pending in this Court and for 30 days after the date of the entry of this Order.

6.  As to Count 9, this Order is not intended to modify or waive defendants' right to assert, in any subsequent state court action, any defense relating to the timelines of plaintiff's request for a hearing de novo that defendants could have asserted in this action. It is merely intended to toll the statute of limitations for the period while that claim was pending in this Court and for 30 days after the date of the entry of this Order, while otherwise leaving the parties to prove their respective claims and defenses.

CLAIRE C. CECCHI, USDJ